IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| ERIC SERRANO SANCHEZ,<br><br>*Petitioner,*<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; PAM BONDI, in her official capacity as Attorney General of the United States; TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement; PAUL MCBRIDE, in his official capacity as Director of ICE Houston Field Office; and ALEXANDER SANCHEZ, in his official capacity as Warden of the IAH Secure Adult Detention Center,<br><br>*Respondents.* | CIVIL ACTION NO. 9:26-CV-00162<br>JUDGE MICHAEL J. TRUNCALE |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Eric Serrano Sanchez (Serrano)'s Petition for Writ of Habeas Corpus (the Second Petition) [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Eric Serrano Sanchez is a Mexican national. [Dkt. 1 at ¶ 1]. On November 17, 2025, United States Immigration and Customs Enforcement (ICE) detained Serrano. *Id.* at ¶ 2.

On December 5, 2025, Serrano brought a habeas corpus petition (the First Petition), claiming that that his detention violated the Immigration and Naturalization Act (INA)[1] and the Fifth Amendment to the United States Constitution.[2] The Court denied Serrano's First Petition on January

---

[1] 8 U.S.C. § 1101 et seq.

[2] *See* Petition for Writ of Habeas Corpus, Serrano v. Noem, No. 9:25-cv-324 (E.D. Tex. Dec. 5, 2025), Dkt. No. 1.

2, 2026.³ Serrano then filed his Second Petition on February 27, 2026. [Dkt. 1]. In his Second Petition, Serrano re-states his Fifth Amendment argument but drops his statutory claims. *See id.* at 13–14.

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Due Process

Serrano argues that the Government violated procedural due process by failing to provide him with a bond hearing before an immigration judge. [Dkt. 1 at ¶ 46]. Even if Serrano is correct, he is not entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Serrano's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide him with a bond hearing. *See* [Dkt. 1 at ¶ 46]. Serrano's unlawful entry into the United States and continued unlawful presence in the country are unquestionably valid grounds for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Serrano's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*."⁴ *See Pierre*, 525 F.2d at 935 (emphasis added).

---

³ *See* Order Denying Petition for Habeas Corpus, Serrano v. Noem, No. 9:25-cv-324 (E.D. Tex. Dec. 5, 2025), Dkt. No. 3.

⁴ *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id.*

Here, a properly conducted bond hearing would not invariably result in Serrano's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Serrano's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Serrano's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Serrano to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

## IV. CONCLUSION

It is therefore **ORDERED** that Serrano's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 10th day of March, 2026.**

Michael J. Truncale
United States District Judge